MARY R. NEWELL *vs.* IRA CARPENTER.

Franklin. September 22. — 25, 1875. AMES & DEVENS, JJ., absent.

A judgment for the plaintiff in an action for obstructing the flow of water in a natural stream and causing it to flow back upon the plaintiff's land, in which the defendant's answer contains a general denial and sets up a license from the plaintiff's grantor, is not conclusive, in a subsequent action between the same parties for the removal of a dam, upon the question whether the defendant in the former action

and the plaintiff in this had the right to maintain the dam, if the record of the former action does not show that such right was then in issue, and the jury find that it was not, although it appears that the dam was the obstruction complained of in the first action.

TORT for breaking and entering the plaintiff's close in Greenfield and removing, from the bed of a watercourse, a dam by which the plaintiff raised water to operate an hydraulic ram. The declaration contained two counts, one alleging an entry in May, 1873, and the other in January, 1874. Answer: 1st. A general denial. 2d. That the acts complained of were committed in the removal of a nuisance which the plaintiff had erected upon her own land near the defendant's land, by damming up the channel of a brook that ran through the land of the defendant, and into the land of the plaintiff, so that the water of the brook was prevented from flowing as it was accustomed to flow, and was thereby made to set back upon the land of the defendant and injured said land, and that the defendant merely lowered said dam so as to prevent the water of said brook from setting back upon his land. 3d. A former judgment recovered in the Superior Court, in an action brought by the present defendant against the present plaintiff.

Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows :

The defendant put in evidence the record of the former suit set up in his answer, the material portions of which are printed in the margin,* and offered evidence tending to show that the

---

* "Ira Carpenter, of Greenfield, in our County of Franklin, plaintiff, *vs.* Mary Newell of said Greenfield, defendant. This was an action of tort commenced by writ of attachment, issued by Edward E. Lyman, Justice of the Peace, dated August 31, 1870, containing the following declaration : And the plaintiff says that he was and is and has been for many years seised in his demesne as of fee and possessed of a farm in said town of Greenfield, where he now lives, on the road leading from Greenfield to Bernardston, described in the second count filed with this writ, which farm is bounded on the north and east partly by the Spring Brook, so called, which runs through and by his said land across said road into and through the lands possessed and occupied by the defendant ; that the portion of the plaintiff's farm by and near said brook and bordering on the same for the space of fifty rods southwestward is flat meadow land, used for the raising of grass and hay, and productive in crops if kept suitably drained. Yet the defendant, not ignorant of the premises, but intending to deprive the plaintiff of the use and profit of his said

obstruction described in the declaration in the former suit was a small dam which had existed for about eighteen years at the

meadow land on said brook for the last six years now last past, has obstructed said brook and continued an obstruction across said brook lower down the stream on her own land erected and continued by the defendant. By reason of which obstruction the water of the said brook has been caused to set back upon the land of the plaintiff aforesaid, and thereby causing great damage to the plaintiff in his crops, and in other respects damaging said land, and by preventing the plaintiff from making such improvements in said land as he otherwise might have done, whereby the plaintiff has lost his said crops of hay and other crops, and been deprived of the use of said land for the space of six years now last past.

" And the plaintiff further says that he was and is and has been for many years last past seised and possessed of a farm in said Greenfield bounded as follows. [Here followed a description of the land.] That Spring Brook, so called, runs through, by and near the easterly and northerly line of said farm across said old stage road into and through the land possessed by the defendant, that the said defendant has continued an obstruction across said brook lower down on said brook on her own land for the last six years, by means of which obstruction the water of said brook has been caused to set back and flow over the land of the plaintiff, thereby causing great damage to the plaintiff's land in his crops, and in other respects damaging said land and preventing the plaintiff from making such improvements in said land as he otherwise might have done. To the damage of the plaintiff in the sum of one hundred dollars."

The record then set forth service on the defendant, hearing before the justice, and a judgment rendered for the plaintiff for the sum of $90 damages, and costs of suit taxed at $9.15; and an appeal by the defendant to the Superior Court ; the entry of the appeal in that court, and the filing of the following answer by the defendant :

" And now the said defendant comes and for answer says, that being ignorant she neither admits or denies, but leaves the plaintiff to prove each and every allegation in both counts in his declaration contained, but she denies that the plaintiff has been damaged in his land or crops by reason of any acts done on the land of the defendant. And the defendant further says that whatever acts have been done as to the brook mentioned in the plaintiff's declaration on the land of the defendant, were and have been done under a parol license from and with the consent of Pliny Severance, the plaintiff's grantor, and she denies that the plaintiff is entitled to maintain any action on account of any of the matters and things mentioned in the counts in his declaration contained ; and she denies the damage alleged."

The record then set forth the submission of the issue joined to the jury, and their verdict for the plaintiff assessing damages in the sum of one cent, and judgment rendered on said verdict, on which judgment execution issued on November 27, 1872.

same point in the bed of the stream, and had been maintained by the plaintiff, or her husband, for the same purpose of driving the ram, during that period ; that there was no substantial change in the structure until May, 1873, when the defendant made the entry complained of and removed it ; and when, eight days after, the plaintiff replaced it on the same spot and in substantially the same manner, with the exception of having lowered it some ten inches, as the plaintiff contended. The defendant also offered evidence that the parol license from Severance, set up in the answer in the former suit, was in issue in that suit, and was a material issue, and there was no evidence to the contrary. It was also in evidence from both the plaintiff's and defendant's witnesses that the defendant only claimed nominal damages in the former suit — and for the purpose of establishing his right ; but it was a controverted question in the present action how far the plaintiff was concluded by this evidence and by the pleadings in the former suit, from setting up the right to erect and maintain a dam at the location in question. The defendant contended that the judgment in the former suit was conclusive against the plaintiff's right to erect or maintain a dam at all, at the point, while the plaintiff contended that the former judgment settled nothing against her except her right to flow the defendant's land, and did not preclude her from showing that the structure as it was left after May, 1873, did not flow the defendant's land. On this point the judge ruled that the judgment in the former suit was conclusive against the right to flow the land, and that it had been flowed ; but was not conclusive as to the right to maintain any dam at that point, unless the jury should find that such right was in issue in the former suit. And the question what was in issue in the former suit was left to the jury. The defendant excepted to this ruling, and there was conflicting evidence before the jury bearing on the question whether the dam on May 20, 1873, flowed the plaintiff's land, also whether it flowed it on January 27, 1874, on each of which occasions the defendant entered for the purpose of abating the dam as a nuisance. It was also a controverted question at the present trial, whether, supposing the dam did flow the defendant's land on the occasions in question, or supposing she had no right to maintain any dam, the defendant's acts were reasonable and proper for the purpose

of abating the nuisance, and instructions were given on this point, and not objected to.

The judge at the close of his charge requested the jury to answer the following question when they returned their verdict: "Was the issue in the former trial whether the defendant in that action had a right to erect or maintain a dam which would flow the plaintiff's land, or was it whether the defendant had a right to erect or maintain any dam?" The jury found for the plaintiff on both counts and awarded damages in the sum of $20.25, and answered the question put to them as follows: "So much of the obstruction which flowed the land of Carpenter was the issue in the former trial." The defendant alleged exceptions.

*C. Delano & C. G. Delano,* for the defendant. The question as to what was in issue in the former suit was one in the first instance to be determined by the court upon the legal construction of the pleadings therein, which show conclusively upon their face that the obstruction then complained of was pleaded to, treated and discussed on both sides as an entire and indivisible structure. 1 Chit. Pl. (14th Am. ed.) 238. *King* v. *Chase,* 15 N. H. 9. The estoppel extended not merely to all that was, but to all that might have been, in issue in the former suit, giving the respective allegations of the pleaders their broadest scope and application. 2 Taylor on Ev. § 1513. *Henderson* v. *Henderson,* 3 Hare, 100, 115. *Outram* v. *Morewood,* 3 East, 346, 365. *Boileau* v. *Rutlin,* 2 Exch. 665. *Fourniquet* v. *Perkins,* 7 How. 160. *Bruen* v. *Hone,* 2 Barb. 586. *Bouchaud* v. *Dias,* 3 Denio, 238. *Gardner* v. *Buckbee,* 3 Cow. 120. *Draper* v. *Gordon,* 4 Sandf. Ch. 210. *Newington* v. *Levy,* L. R. 6 C. P. 180, 189. *Gibbs* v. *Cruikshank,* L. R. 8 C. P. 454, 460.

The right, therefore, to maintain a dam at all at the *locus in quo,* must be deemed to have been in issue in the former suit, and the judgment therein to have been conclusive as to such right. 1 Greenl. Ev. § 528. *Sawyer* v. *Woodbury,* 7 Gray, 499. *Burlen* v. *Shannon,* 99 Mass. 200. *Eastman* v. *Symonds,* 108 Mass. 567. And this without the intervention of the jury farther than to determine that the same dam or obstruction, considered as an indivisible structure, was the thing to which the pleadings n both suits had reference. 1 Greenl. Ev. § 532, and cases there cited. *Merritt* v. *Morse,* 108 Mass. 270, and cases cited. *East-*

*man* v. *Cooper*, 15 Pick. 276.. *Dutton* v. *Woodman*, 9 Cush. 255. *Perkins* v. *Parker*, 10 Allen, 22. *Miles* v. *Caldwell*, 2 Wall. 35, 42. *Aurora City* v. *West*, 7 Wall. 82, 96. *Packet Co.* v. *Sickles*, 5 Wall. 580.

The cause of action and the subject matter of the former suit being entire and indivisible, and incapable of severance or apportionment, parol evidence to the contrary was inadmissible. *Duchess of Kingston's case*, 2 Smith's Lead. Cas. (7th Am. ed.) 609. *Hess* v. *Heeble*, 4 S. & R. 246 ; *S. C. 6* S. & R. 57. *Carvill* v. *Garrigues*, 5 Penn. St. 152. *Duffy* v. *Lytle*, 5 Watts, 120. *Embury* v. *Conner*, 3 Comst. 511. *Fish* v. *Folley*, 6 Hill, 54. *Smith* v. *Jones*, 15 Johns. 229. *Brockway* v. *Kinney*, 2 Johns. 210. *Farrington* v. *Payne*, 15 Johns. 432. *Guernsey* v. *Carver*, 8 Wend. 492. *Miller* v. *Manice*, 6 Hill, 114. *Ramsay* v. *Herndon*, 1 McLean, 450. *O'Neal* v. *Brown*, 21 Ala. 482. *Warren* v. *Comings*, 6 Cush. 103.

But the answer to the question submitted to the jury, (admitting it to have been a proper one,) is no such clear finding as tends to repel the presumption (on the contrary, is entirely consistent with it) existing in the defendant's favor that there was no part of the structure that could have been preserved without flowing the defendant's land, and that the former judgment went to the plaintiff's right to maintain the dam, either in whole or in part. *Goddard* v. *Selden*, 7 Conn. 515. *Webster* v. *Lee*, 5 Mass. 334. *Badger* v. *Titcomb*, 15 Pick. 409. *Croft* v. *Steele*, 6 Watts, 373:

*C. C. Conant*, (*S. O. Lamb* with him,) for the plaintiff. The judgment in the former suit was conclusive only as to the questions directly in issue in that suit. *Burlen* v. *Shannon*, 99 Mass. 200. *Lea* v. *Lea*, 99 Mass. 493. *McDowell* v. *Langdon*, 3 Gray, 513. *Eastman* v. *Cooper*, 15 Pick. 276.

GRAY, C. J. The former action by Ira Carpenter against Mary R. Newell was for obstructing the stream, and thereby causing the water to flow back upon and injure his land. Her answer to that action put in issue his allegations, and alsc set up a license from his grantor. All that was necessary to maintain that action was that by means of the obstruction of the brook she had unlawfully flowed his land. The pleadings in that action do not show that her right to maintain the dam at all was in

issue, and the jury in the present action have found that it was not. It necessarily follows that the former judgment was not conclusive upon that question, and that the ruling of the court below was correct. *McDowell* v. *Langdon,* 3 Gray, 513. *Perkins* v. *Parker,* 10 Allen, 22. *Burlen* v. *Shannon,* 99 Mass. 200.

*Exceptions overruled.*